NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0270n.06

No. 23-5760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 20, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JIMMY MCLAIN MOORE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

OPINION

Before: BATCHELDER, NALBANDIAN, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Jimmy McLain Moore conspired to distribute more than two kilograms of methamphetamine and was sentenced to 292 months in prison. Due to his deteriorating health and other factors, he moved for compassionate release. The district court denied his request because he did not demonstrate extraordinary and compelling reasons for compassionate release and because the § 3553(a) sentencing factors did not cut in his favor. Because the district court did not abuse its discretion when it weighed the sentencing factors, we affirm.

## BACKGROUND

Jimmy McLain Moore was convicted by a jury of conspiring to distribute at least fifty grams of methamphetamine. At sentencing, the district court determined that Moore was responsible for 2.84 kilograms of methamphetamine and sentenced him to 292 months in prison, followed by five years of supervised release. This sentence was at the bottom of the Guidelines range. Moore appealed the conviction and the sentence, arguing (among other things) that the

district court used the wrong quantity of drugs to calculate his Guidelines range, and we affirmed. *United States v. Moore*, 810 F. App'x 411, 413–14 (6th Cir. 2020).

At sentencing, Moore was already struggling with serious health problems. His daughter testified that he had been diagnosed with liver failure. His health deteriorated significantly in prison. After Moore's multiple hospitalizations, Moore's sister requested that he be released to home confinement, pointing to his lengthy list of conditions—ischemic colitis, erosive gastritis, congestive heart failure, non-rheumatic aortic valve disorder, pulmonary hypertension, and hypertension, to name a few—and his heightened risk of developing COVID-19 complications because of these underlying conditions. A few months later, Moore himself submitted a request for home confinement or compassionate release. After the Bureau of Prisons did not respond within thirty days, Moore filed a pro se motion in the district court reiterating his request. Moore said he had been diagnosed with an unspecified disease of "[b]lood and [b]lood forming organs" that led him to suspect that he had bladder cancer. Moore Letter, R. 346-1, PageID 5070. In his pro se motion, Moore also took broader issue with his confinement, arguing that his original sentence was too long and that prison staff violated the Eighth Amendment by not responding appropriately to his medical needs (by, for example, failing to give him prescription medication).

Moore later retained counsel and filed an amended motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The amended motion and supplemental filings in the weeks that followed emphasized that Moore's health had declined even further and that the threat of contracting COVID-19 in the prison remained high. According to a cardiologist who reviewed Moore's medical records, Moore would probably die within the next few years. Moore also informed the court that prison officials still were not taking adequate care of him, and that he had filed an administrative complaint about that.

The district court denied Moore's motion for compassionate release. The court agreed with the government that Moore did not show that extraordinary and compelling reasons supported his request, and that the 18 U.S.C. § 3553(a) factors did not weigh in favor of reducing his sentence. Moore timely appealed.

## ANALYSIS

### I.      Abuse of Discretion Standard

We review the denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). A district court may grant compassionate release if the incarcerated person meets three criteria: (1) "extraordinary and compelling reasons warrant such a reduction," (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors justify a reduction. 18 U.S.C. § 3582(c)(1)(A); *see Ruffin*, 978 F.3d at 1004–05. Here, the district court said that Moore did not satisfy the first and third criteria. It reasoned that Moore's health issues, the backdrop of COVID-19, and other reasons cited for compassionate release were not extraordinary and compelling, and the sentencing factors did not point in his favor. Each of these is an independent reason to deny relief. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). If we conclude that the district court did not abuse its discretion when it reasoned about one of these two requirements, that is enough to affirm the denial of compassionate release. *Ruffin*, 978 F.3d at 1006. Accordingly, we limit our discussion to the district court's weighing of the § 3553(a) sentencing factors.

When we review a district court's § 3553(a) analysis for an abuse of discretion, we show deference because we recognize that the district court has "access to, and greater familiarity with, the individual case and the individual defendant," so it is best positioned to weigh the factors. *Gall*

*v. United States*, 552 U.S. 38, 51–52 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)). We do not ask ourselves whether we would have arrived at the same sentence if we started over from scratch. *Id*. at 51. To the contrary, we acknowledge that different sentencing outcomes are possible when a district court is empowered to use its discretion. Some possibilities will obviously be more lenient than others, but our role is not to select the one that we think strikes the right balance. Instead, we ask if the district court fashioned the sentence in a "reasoned" way. *United States v. Johnson*, 934 F.3d 498, 501 (6th Cir. 2019). In the compassionate release context, that means the district court must provide "specific factual reasons" to substantiate its analysis and engage with the parties' arguments and evidence. *United States v. Jones*, 980 F.3d 1098, 1101, 1112–13 (6th Cir. 2020); *see also Rita*, 551 U.S. at 356. We don't expect the district court to always engage in a "ritualistic incantation" of every § 3553(a) factor, but we need to see meaningful explanation of the court's reasoning. *United States v. Zabel*, 35 F.4th 493, 505 (6th Cir. 2022) (citation omitted). We are somewhat flexible about the actual substance of that reasoning. *See, e.g.*, *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013) (noting that a district court can place significant weight on a single sentencing factor if doing so is not "unreasonable" and is warranted by the particular facts of the case (citation omitted)); *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) (observing that "district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense").

## II.     The District Court's § 3553(a) Analysis

Here, the district court adequately explained its reasoning. The court explicitly relied on multiple § 3553(a) factors and referred to specific facts that guided its analysis. First, it emphasized the seriousness of the offense, noting that Moore had "endangered [himself] and the community" by conspiring to distribute large amounts of methamphetamine by mail. Op., R. 401, PageID 7419.

By speaking to the threat Moore posed to the community, the district court indirectly invoked a different factor—protecting the public from a defendant's future crimes. *See* 18 U.S.C. § 3553(a)(2)(C). The district court also observed that Moore has a "substantial criminal history that includes multiple drug trafficking offenses." Op., R. 401, PageID 7419. And to make matters worse, Moore committed his most recent offense while he was on probation for prior drug crimes. The district court pointed out that releasing him would mean that he only served about five years of his original 292-month sentence. The court found that "[c]ontinued incarceration is required to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence." *Id.* at PageID 7419–20.

Moore protests that the district court abused its discretion for three reasons: (1) the court ignored how much his health had declined since sentencing; (2) the court did not consider alternative sentences that would have accomplished the needs of sentencing while also accommodating Moore's wishes; and (3) the court failed to account for relevant policy statements issued by the Sentencing Commission that weighed in Moore's favor. None of these points are convincing. The district court addressed Moore's serious health issues in its denial of compassionate release. Though the court discussed the health issues in its evaluation of extraordinary and compelling reasons for release—and did not mention them again in its § 3553(a) analysis—the "record as a whole" demonstrates that the district court engaged with Moore's evidence and was aware of his health challenges. *See Chavez-Meza v. United States,* 585 U.S. 109, 119 (2018). We are satisfied that the district court did not overlook this argument.

Moore contends that the district court did not adequately emphasize his health issues. In his view, they "outweigh the purposes of sentencing." Appellant Br. at 47. This is especially so because, according to him, the district court overstated his criminal history and the seriousness of

his offense. He reminds us that his prior convictions were mostly for nonviolent drug crimes stemming from his own struggles with addiction and that his instant offense was also nonviolent. And although he violated the terms of his probation, that probation was unsupervised anyway, which he seems to think mitigates the gravity of the violation. In sum, Moore's argument runs in both directions to reinforce the same conclusion: his health issues are extremely dire, so they should trump countervailing factors, and his criminal history and instant offense are not so egregious, so again, the health issues should supersede these other considerations. We are unpersuaded by this argument because it "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

Moore insists that the district court should have considered lenient alternatives to continued incarceration, like probation with home confinement, regular drug testing, and other special conditions. But just because a more lenient sentence was available does not mean that the district court was required to choose it. *United States v. Reilly*, 662 F.3d 754, 761 (6th Cir. 2011). The district court implicitly rejected Moore's proposed alternatives when it found continued incarceration was necessary.

Moore's final argument is that the district court failed to consider policy statements issued by the Sentencing Commission that support his position. He points to two kinds of policy statements. The first is a series of provisions explaining that age, physical impairment, family caretaking responsibilities, and the need for inpatient addiction treatment can justify a downward departure. *See* U.S. Sent'g Comm'n Guidelines Manual (U.S.S.G.) §§ 5H1.1, 5H1.4, 5H1.6 (2021). These guidelines simply restate the same personal characteristics the district court largely addressed in its "extraordinary and compelling reasons" discussion. Because it dealt with them

there, we know that it was aware of these concerns but ultimately not persuaded by them in its § 3553(a) analysis. This is not an abuse of discretion.

The second policy statement is a recently amended guideline clarifying that a defendant has an extraordinary and compelling reason for compassionate release if they will either die or experience a "serious deterioration in health" because they have been deprived of "long-term or specialized medical care." U.S.S.G. § 1B1.13(b)(1)(C); *see also* U.S.S.G. § 1B1.13(b)(1)(A) (terminal illness), (b)(3)(C) (incapacitation of parent), (b)(5) (other reasons). The district court did not abuse its discretion here because the amendment—which Moore admits that he never even raised below—did not go into effect until after the district court ruled on Moore's motion. *See* U.S.S.G. supp. to app. C, amend. 814 ("The effective date of this amendment is November 1, 2023."). Failing to mention proposed language that is not yet operative is not an abuse of discretion. *See* 18 U.S.C. § 3553(a)(5)(B); *cf.* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). We decline Moore's invitation to effectively reweigh the § 3553(a) factors on appeal.

## CONCLUSION

We affirm the district court's judgment.